■ ANTHONY J. MORIELLO et al., Respondents, v MATRIX PRODUCTION & REALTY, LTD., et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered December 19, 1975 in Ulster County, which granted plaintiffs' motion for summary judgment. Plaintiffs have been granted summary judgment and defendants' affirmative defenses and counterclaims stricken in this action to foreclose a purchase money mortgage

covering approximately 200 acres of unimproved property in Ulster County. On this appeal defendants contend that issues of fact exist as to whether they were prevented and excused from performance by the prior breach of plaintiffs and as to the interpretation of the mortgage and mortgage note. Pursuant to the mortgage note plaintiffs agreed to release from the mortgage without additional consideration a 10-acre parcel, provided a 50-foot right of way was reserved throughout said parcel for ingress and egress to and from other lands, until the mortgage was satisfied. The affidavits submitted by the various parties establish that at the time the title to the property was closed on February 1, 1974, a request was made on behalf of the defendants for the release of a 10-acre parcel; that plaintiffs agreed to release a 10-acre parcel as soon as a description of the property was received; that in the latter part of 1974 defendant Matrix requested its engineer to prepare a map of the land to be released; that the map was prepared and delivered to the plaintiffs on January 21, 1975. Defendants do not deny, however, that the September, 1974 school taxes were unpaid at such time. By the time the release with the description of the 10 acres was demanded by the mortgagor it was already in default under the mortgage. As Special Term properly held, the privilege to the mortgagor under the mortgage note of obtaining the release was unenforceable. The mortgagor had the right only so long as it was not in default under the mortgage *(Clason's Point Land Co. v Schwartz,* 237 App Div 741, 744). Consequently, it is immaterial whether the language of the mortgage note is ambiguous. In our view, the present record contains nothing of an evidentiary nature which demonstrates the existence of a triable issue of fact. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.